{¶ 19} Wendall Hollingsworth was convicted of a series of aggravated robberies. His guilt is not in dispute, only his sentences of incarceration. The trial judge sentenced Hollingsworth to a total of 93 years of incarceration, a life sentence without a possibility of parole unless Hollingsworth lives to be over 140 years of age. This is not the first case where this particular judge has handed out what amounts to a life sentence without a possibility of parole for cases not involving a homicide.
 {¶ 20} This is also not the first case where this particular trial judge has said one thing while addressing the defendant in open court and then signed judgment entries which hand out a different sentence. Since the court speaks through its journalized judgment entries, the actual sentence is being handed down when the judge signs the paperwork.
 {¶ 21} In many counties in this state the sentencing entry is provided to counsel for review before being signed by the judge. This allows counsel to catch mistakes such as the ones this trial judge is making and to avoid the embarrassment for the court of mistaken judgment entries being journalized. Franklin County rarely follows the *Page 9 
procedure of allowing counsel the chance to catch the court's mistakes before they are made.
 {¶ 22} The problem we face as an appellate court is how to address the judge's mistake. One option is presented when the state of Ohio has pursued an appeal of the sentencing entry for the charge for which no penalty has been assessed or when the penalty has been improperly assessed. The state of Ohio did not appeal in this case.
 {¶ 23} The majority of the panel affirms the trial court's judgment and then vacates the trial court's sentencing entry and remands the case with instructions to do it right. I am not sure how we can both totally affirm a judgment and still remand the case. I likewise am not clear how we can sustain an assignment of error in part and still affirm a judgment. I personally prefer to follow the proper law and procedure and then enter judgment accordingly. This avoids legal fictions like affirmed judgments which are vacated and remanded.
 {¶ 24} I feel we have no choice but to sustain the second assignment of error, reverse the trial court's admittedly erroneous sentencing entry and remand the case for further appropriate proceedings. Since the majority of this panel does not do so, I respectfully dissent in part. *Page 1